|  |  |  |
|---|---|---|
| | * | |
| **GE COMMERCIAL DISTRIBUTION FINANCE CORP.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | | **Case No. WDQ-13-1789** |
| | * | |
| **E.D.'s SMALL ENGINE REPAIR, INC., et al.** | * | |
| | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of GE Commercial Distribution Finance Corporation's (hereinafter, "plaintiff") motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 363 and Local Rules 301 and 302.  (ECF No. 29.)  Currently pending is plaintiff's Motion for Entry of Default Judgment ("Motion").  (ECF No. 23.)  By Letter Order on December 20, 2013, I requested a supplemental affidavit from plaintiff to further explain plaintiff's claims for damages.  (ECF No. 30.)  I have reviewed plaintiff's Motion (ECF No. 23) and plaintiff's Response to Court's December 20, 2013 Letter Order ("Response") (ECF No. 32).  No hearing is deemed necessary.  See Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6.  For the reasons discussed herein, I respectfully recommend that plaintiff's Motion (ECF No. 23), as modified by plaintiff's Response (ECF No. 32), be GRANTED and that relief be awarded as set forth herein.

## I.    STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001).  It remains for the court, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action.  Id.  If the court determines that liability is established, the court must then determine the appropriate amount of damages.  Id.  The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.  See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999).  The court may make a determination of damages without a hearing, so long as there is adequate evidence in the record, such as detailed affidavits or documentary evidence, for the award.  See, e.g., Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).

## II.    DISCUSSION

### A.  Defendant's Liability

I have reviewed plaintiff's Amended Complaint (ECF No. 25), and, for the reasons noted below, find that plaintiff has stated a cause of action based on replevin against defendant E.D.'s Small Engine Repair, Inc. ("defendant").[1]  Plaintiff GE Commercial Distribution Finance Corporation (f/k/a Transamerica Commercial Financing Corporation) is a business that provides inventory floor-plan financing to commercial dealerships across the country.  (ECF No. 25 at ¶¶

---

[1] The undersigned has applied Maryland law relating to replevin.  Within the Inventory Security Agreement signed by the parties, the clause as to Governing Law states:

> The agreement shall be construed in all respects in accordance with, and governed by the internal laws (as opposed to conflict of law provisions) of the state of Illinois, except that questions as to perfection of [plaintiff's] security interest and the effect of perfection or non-perfection shall be governed by the law which would be applicable except for this section.

(Ex. A of Complaint, ECF No. 1-2 at 4.)  The undersigned interprets "the effect of perfection" to mean that the present action should be governed by Maryland law because the property is located in Maryland and the security interest was perfected in Maryland.  (ECF No. 25 at ¶ 6; Ex. C of ECF No. 1 at 9.)  Indeed, Judge Quarles applied Maryland law in the Order and Writ of Replevin.  (ECF No. 14.)

1, 3.)  Defendant E.D.'s Small Engine Repair, Inc. is a Maryland business.  (Id. at ¶ 2.)  Plaintiff also sued Edwin D. Cook, Jr. and Mary L. Cook, the guarantors of any of defendant's liabilities arising from contracts between plaintiff and defendant.  (Id. at ¶ 9.)  Proceedings against these individual defendants are stayed because they filed a Suggestion of Bankruptcy in this matter. (Suggestion of Bankruptcy, ECF No. 7; Temporary Restraining Order, ECF No. 9 at 2.)

On August 1, 2003, plaintiff and defendant entered into an Inventory Security Agreement ("Security Agreement") pursuant to which plaintiff provided defendant financing conditioned on defendant's pledge of inventory, equipment, and other assets as collateral.  (Ex. A of ECF No. 1.) Taking plaintiff's factual allegations as true, plaintiff performed its obligations under the Security Agreement at issue by financing defendant's purchase of inventory, including lawncare equipment and tractors.  (Id. at ¶ 4.)  Defendant subsequently defaulted under the Security Agreement by selling inventory to consumers in the ordinary course of business and failing to pay plaintiff for the collateral, a practice known as selling out of trust.  (Id. at ¶ 5.)  Plaintiff filed a complaint in this court on June 19, 2013 seeking immediate and continuing possession of the remaining collateral and damages for the outstanding debt owed.  (Id. at ¶ 6; ECF No. 1.)  On June 21, 2013, the court issued a Temporary Restraining Order prohibiting defendant from selling, transferring, or otherwise disposing of the collateral identified by the Security Agreement.  (ECF No. 9.)  The court subsequently issued an Order and Writ of Replevin on July 3, 2013, which granted plaintiff immediate possession of the collateral and instructed the U.S. Marshal to seize the items and deliver them to plaintiff.  (ECF No. 14 at 2.)  Plaintiff "disposed of the collateral in a commercially reasonable manner."  (Affid. of Timothy Jacobs in Support of Pl.'s Mot. for Default J., ECF No. 27-1 at ¶ 12.)  Plaintiff then applied the net proceeds from the

sale, an amount of approximately $25,930.64, to defendant's outstanding balance of $98,220.80, resulting in a $72,290.16 deficiency.  (Id. at ¶¶ 18-19.)

After defendant failed to answer the Complaint, attend the June 21, 2013 Temporary Restraining Order hearing, attend the July 3, 2013 Writ of Replevin hearing, or otherwise defend within twenty-one days, plaintiff properly moved, pursuant to Federal Rule of Civil Procedure 55(a), for an entry of default.  (Request for Entry of Default, ECF No. 22.)  The Clerk of this court entered defendant's default on December 9, 2013.  (Order of Default, ECF No. 28.)  On November 18, 2013, plaintiff filed the pending Motion (ECF No. 23), to which defendant has not responded.  In its Response, plaintiff "asks that the Court permit it to abandon its request for default judgment as to Counts II and III of the Complaint seeking a money judgment against [d]efendant," but it "continues to seek a default judgment against [defendant] for final and continuing possession of the collateral repossessed pursuant to the Court's order and writ of replevin of July 3, 2013."  (ECF No. 32 at 1.)  Based upon the entire record, the undersigned concludes that plaintiff is entitled to a default judgment against defendant for final continued possession of the collateral repossessed.

### B.  Damages

Having determined that plaintiff has proven liability, the undersigned now undertakes an independent determination of the damages to which plaintiff is entitled.  In its initial Motion, plaintiff sought to recover a total damages amount of $98,220.80.  (ECF No. 23 at ¶ 16.)  The undersigned acknowledges plaintiff's abandonment of its request for default judgment arising from its breach of contract claims.  (ECF No. 32 at 1.)  The sole form of damages plaintiff seeks is a judgment for final and continuing possession of the collateral that has been repossessed from defendant pursuant to the Security Agreement in accordance with Maryland Rule 12-602(d)(1).

(Id.)  As stated in the Security Agreement, defendant agreed to plaintiff's right to repossess inventory pledged as collateral as a remedy upon default.  (Ex. A of ECF No. 1 at ¶ 11.) Defendant perfected its security interest in the collateral by filing documentation with the Maryland Secretary of State.  (Ex. C of ECF No. 1 at 9.)  When the court issued the Order and Writ of Replevin, it found that plaintiff had a valid perfected security interest in the collateral, had demonstrated probable cause that defendant defaulted on the Security Agreement, and had the right to immediate possession of the property.  (ECF No. 14 at 1-2.)  Plaintiff's Recovery Manager Timothy Jacobs states in his affidavit that a deficiency balance of $72,290.16 remains after applying the net proceeds from the commercially reasonable sale of the collateral.  (ECF No. 27-1 at ¶ 17.)  After review of the affidavits and documents submitted, I find that plaintiff has presented sufficient evidence to establish that defendant is entitled to final and continuing possession of the collateral.  In addition to defendant agreeing to such a condition in the Security Agreement, it is clear that the net proceeds of the sale of collateral are far less than the deficiency balance owed to plaintiff.  Accordingly, I recommend that the court enter judgment in favor of plaintiff for final and continuing possession of the collateral, in accordance with Maryland Rule 12-602(d)(1).

## III.  **CONCLUSION**

In sum, I recommend that:

1. The court grant plaintiff's Motion for Judgment by Default (ECF No. 23) as modified by plaintiff's Response (ECF No. 32); and

2. The court enter final judgment in favor of plaintiff as to Count One of the Complaint (Replevin Against Dealer) (ECF No. 25 at ¶¶ 23-29) and award final and continuing

possession of the collateral repossessed from defendant as described in the Order and Writ of Replevin (ECF No. 14) to the plaintiff.

The Clerk is directed to mail a copy of this Report and Recommendation to defendant at the address listed on plaintiff's Complaint (ECF No. 1) and to defendant's registered agent at the address listed in plaintiff's Notice of Supplemental Filing (ECF No. 27).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Date: _____2/14/14_____            _____/s/_____

                                             Beth P. Gesner
                                             United States Magistrate Judge